IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,
Plaintiff,

v.                                                      Case No. 20–cr–40077–JPG–1

JAMES L. FUTIA,
Defendant.

**MEMORANDUM AND ORDER**

### I.       Introduction

This matter comes before the Court on Defendant James L. Futia ("Defendant" or "Futia")
Motion to Suppress (Doc. 67) evidence obtained from a search on August 19, 2020, and any
evidence seized as a result of information obtained from illegal petitions for eavesdropping.
Plaintiff United States of America ("Government") responded (Doc. 74). Futia has not filed a
reply.

### II.      Factual and Procedural Background

This is a case involving the distribution and possession with intent to distribute
methamphetamine case. On July 30, 2020, a controlled purchase was made from Futia. Again, on
August 18, 2020, law enforcement conducted a controlled purchase from Futia. *See* Illinois State
Police Investigative Report ("Investigative Report"), Doc. 74-1. At approximately 3:10 p.m. that
day, law enforcement special agents met with a confidential source ("CS") at a prearranged
location. *Id*. at 1. The CS made arrangements with Futia to pay $1,200 for two ounces of ice
methamphetamine that Futia had previously provided on credit to the CS as well as an additional
$100 to purchase ice from Futia.

Agents searched for contraband and US Currency and received negative results. *Id*. Later, law enforcements activated a record device and put it on the CS. The CS then entered a residence in Herrin, Illinois and went upstairs in the residence with Futia, Futia handed the CS a bag of ice methamphetamine and the CS noted observing another bag of ice (around .5-1 g of ice on the counter next to digital scales). *Id*. at 2. The methamphetamine was transported to SIEG headquarters, and it was determined to be 4.3 grams, and positive field test for methamphetamine. *Id*.

On August 19, 2020, law enforcement applied and was granted a state search warrant for Futia's residence located in Herrin, Illinois. *See* Doc. 74-3. Law enforcement made a plan to conduct a search in a briefing regarding the search warrant. *Id*. Officers were instructed to look for probable cause for a traffic violation before making a stop, and if no probable cause could be made, Futia was to be stopped and arrested on probable cause for the purchase of methamphetamine with the CS a day before. *Id*.

Later on August 19, Herrin Officer Ehler advised that he located Futia on Monroe St. in Herrin and advised he had probable cause for a traffic stop because Futia failed to use his turn signal within 100 feet of the intersection. *Id*. During the traffic stop Officer Ehler deployed a K-9, which alerted on the driver-side door. *Id*. Futia was subsequently detained, and the vehicle was searched. Police found and seized three (3) ziplock bags contained 667.1 grams of methamphetamine located behind the dashboard's CD player, $530 in a sock in the driver's side door ($100 of which was prerecorded currency from the previous CS controlled purchase), and two cell phones. *Id*.

On September 9, 2020, Futia was indicted on one count of distribution of methamphetamine and one count possession with intent to distribute methamphetamine. (Doc. 1).

On November 8, 2022, a superseding indictment was returned charging Futia was two counts of distribution of methamphetamine and one count of possession with intent to distribute methamphetamine. (Doc. 70).

On October 21, 2022, Futia filed a Motion to Suppress. (Doc. 67). On November 14, 2022, the Government filed a response (Doc. 74). Futia did not file a reply brief and the time for doing so has passed.

### III.   Analysis

#### a.   Evidentiary Hearing

Evidentiary hearings are not required as a matter of course; a district court need conduct a hearing only when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion. *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007). The Seventh Circuit Court of Appeals places the onus on a defendant seeking an evidentiary hearing to "specifically allege a definite disputed factual issue" and "demonstrate its materiality." *Id*. (cleaned up).

The Court concludes that Futia has not met its burden to allege a definite disputed factual issue and has not demonstrated its materiality. Futia's motion does not demonstrate what factual issues remain to resolve at a hearing. Futia's two-page motion contains legal conclusions but no specific allegations factual dispute.

Futia's motion states the following: Herrin police pulled Futia over, said stop was an illegal stop as Futia was not required to signal at the intersection, and therefore the stop and searched were in violation of the Fourth Amendment. (Doc. 67 at ¶ 1). This recitation of facts contains no allegations that demonstrate a disputed factual issue. Additionally, Futia states that Williamson

County granted two Petitions to Eavesdrop and are unenforceable as the timeframe at issue was for 2020 and not 2018, and therefore evidence was obtained illegally and suppressed. *Id*. at ¶ 2.

These facts, as defined in Futia's brief do not create a material issue of fact. Futia only alleges legal conclusions. For these reasons, Futia has failed to show that an evidentiary hearing is required. Therefore, because the briefing and arguments provided to not identify any specific "material factual dispute" requiring resolution through an evidentiary hearing, this Court will reach a disposition on the motion to suppress without a hearing and through the briefing provided.

### b.  Whether Traffic Stop and Search of Futia's Vehicle was Lawful

The Fourth Amendment protects against "unreasonable searches and seizures." U.S. Const. amend. IV. Whenever police stop a car, the stop must satisfy the Fourth Amendment's reasonableness requirement. *Delaware v. Prouse*, 440 U.S. 648, 663, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). If a search or seizure violates the Fourth Amendment, a court will generally exclude resulting evidence. *United States v. Wilbourn*, 799 F.3d 900, 910 (7th Cir. 2015). Generally, the decision to stop a car is reasonable, and comports with the Fourth Amendment, "where the police have probable cause to believe that a traffic violation has occurred." *Wren v. United States*, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Probable cause exists when "the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense." *United States v. Cashman*, 216 F.3d 582, 586 (7th Cir. 2000). Probable cause is an objective standard, based on the totality of the circumstances. *United States v. Lewis*, 920 F.3d 483, 489 (7th Cir. 2019). If an officer reasonably thinks he sees a driver commit a traffic infraction, that is a sufficient basis to pull him over without violating the Constitution. *United States v. Muriel*, 418 F.3d 720, 724 (7th Cir. 2005). Indeed, "[w]hether the

driver actually committed a traffic infraction is irrelevant for Fourth Amendment purposes so long as there was an objective basis for a reasonable belief he did." *Lewis*, 920 F.3d at 489.

Here, the officers pulled Futia over for failing to signal within 100 feet of the intersection of East Monroe Street and North 7th Street. The Government argues that Futia provides no reason that a turn signal was not required at that intersection. In support the Government cites Illinois law, which provides:

> (b) A signal of intention to turn right or left, change lanes, otherwise turn a vehicle from a direct course, move right or left upon a highway, or when required must be given continuously during not less than the last 100 feet traveled by the vehicle within a business or residence district, and such signal must be given continuously during not less than the last 200 feet traveled by the vehicle outside a business or residence district.

625 Ill. Comp. Stat. Ann. 5/11-804. The Court agrees. Absent any reason or legal reason from Futia that he was not required to signal at the intersection, the Court finds the police had probable cause to believe a traffic violation occurred. This applies even to a "minor traffic offense." *United States v. Cashman*, 216 F.3d 582, 586 (7th Cir. 2000). Therefore, the stop was constitutionally reasonable and suppression of evidence arising from the stop is not warranted on this basis.

Even if Futia had not committed the traffic offense of failing to signal, the Government argues that Futia could (and would have) been stopped in his vehicle and subsequently arrested for the distribution of methamphetamine with the CS the day prior. The vehicle would have been searched incident to the arrest and the items would have been recovered. (Doc. 74 at 7). *United States v. Haldorson*, 941 F.3d 284, 291 (7th Cir. 2019) (finding three weeks after controlled buy was not too late to support probable cause for an arrest); *United States v. Reis*, 906 F.2d 284, 289 (7th Cir. 1990).

This case is similar a case the Seventh Circuit Court of Appeals affirmed on a motion to suppress. *United States v. Haldorson*, 941 F.3d 284, 291 (7th Cir. 2019). In *Haldorson*, police

officers arrested a defendant three weeks after a controlled buy of illegal drugs. *Id.* officers arrived at a traffic stop and arrested Haldorson, who then later searched the vehicle and found multiple drugs including marijuana, cocaine, MDMA, and other suspicious paraphernalia. *Id. Haldorson* court also likened the case to a similar case within the Tenth Circuit, which this Court also finds relevant to this case. In *Hinson*, police arranged for a controlled buy between an informant and the defendant. *United States v. Hinson*, 585 F.3d 1328 (10th Cir. 2009). Police surveilled the informant while he negotiated the purchase of methamphetamine. The police did not immediately arrest the defendant, hoping to "investigate further." *Id*. at 1331. A month later, police were hoping to conduct another controlled buy, but the informant refused to cooperate, and the police resolved to arrest the defendant. Instead of obtaining an arrest warrant, police followed defendant's car until he committed a traffic violation, and then stop, and arrest him. *Id*. at 1331-32. There, the Tenth circuit held police officers had probable cause to arrest and affirmed the denial of the motion to suppress. *Id*.

For these reasons, the Court finds there was probable cause to stop Futia pursuant to the traffic violation. Additionally, even if no traffic violation occurred, the police had probable cause to stop and arrest Futia. Suppression of evidence seized and obtained from the search of Futia's car is not warranted.

### c. Authorization for Eavesdropping

Next, Futia argues the Circuit Court of Williamson County granted two Petitions to Eavesdrop based upon the Williamson County State's Attorney Petition for Authorization for the Use of an Eavesdropping device with errors. The Petitions requested permission to eavesdrop from "July 29, 2018, 3:30 p.m. on July 30, 2019" and from "July 30, 2018 to 3:00 p.m. on July 31, 2018." Futia argues that both Petitions are invalid because the timeframe at issue in this case is

2020 and 2018. Therefore, Futia argues that the error renders the recording inadmissible in the federal proceeding. (Doc. 67 at ¶ 2). The Government responds and states this is a typographical error.

> The relevant Illinois caselaw provides that law enforcement agents may:

>> Record[] or listen[] with the aid of an eavesdropping device to a conversation in which a law enforcement officer, or any person acting at the direction of a law enforcement officer, is a party to the conversation and has consented to the conversation being intercepted or recorded in the course of an investigation of a qualified offense. The State's Attorney may grant this approval only after determining that reasonable cause exists to believe that inculpatory conversations concerning a qualified offense will occur with a specified individual or individuals within a designated period of time.

§ 5/14(q)(1). A qualified offense includes a violation of the "Methamphetamine Control and Community Protection Act…" § 5/14-3(g). Section 5/14-3(q)(2) provides that:

>> To invoke the exception contained in this subsection (q), a law enforcement officer shall make a request for approval to the appropriate State's Attorney. The request may be written or verbal; however, a written memorialization of the request must be made by the State's Attorney.

§ 5/14-3(q)(2).

Assuming state law enforcement did not comply with state law eavesdropping requirements, it does not render the recordings in this court, federal court, inadmissible., "In determining whether evidence seized by state officials may be used against a defendant in a federal proceeding, the district court must determine the legality of the search and seizure as if federal officers had executed the search and seizure." *United States v. Mealy*, 851 F.2d 890, 907 (7th Cir. 1988). Therefore, the Court must look to what the federal law controls.

The Government argues Futia's circumstances are similar to the Seventh Circuit case of *D'Antoni*. *United States v. D'Antoni*, 874 F.2d 1214 (7th Cir. 1989). In *D'Antoni*, Ricco Ferguson, hoping to "cut a deal" with the government while incarcerated at a Wisconsin jail, consented to

telephone recorded conversations with Todd and Dan D'Antoni, and Richard Ales. *Id*. Todd told Ferguson he paid someone to murder a victim/witness in their criminal case and Ferguson offered to commit the murder for less money. *Id*. Ales and Dan D'Antoni were convicted of conspiracy to kill a government witness. *Id*. State authorities did not obtain a court order permitting the tape-recording and therefore the evidence obtained from the recordings would be inadmissible under Wisconsin law. *Id.* at 1218. The Seventh Circuit found, however, that the evidence is admissible under federal law. *Id*. See 18 U.S.C. § 2511(2)(c)("It shall not be unlawful under this chapter for a person acting under color of law to intercept a wire, oral, or electronic communication, where such person is a party to the communication or one of the parties to the communication has given prior consent to such interception.").; *United States v. Eschweiler,* 745 F.2d 435, 436–37 (7th Cir. 1984), cert. denied, 469 U.S. 1214, 105 S.Ct. 1188, 84 L.Ed.2d 334 (1985) (one-party consent to electronic monitoring of his conversation with another person does not violate the fourth amendment); *United States v. Jackson*, No. 17-cr-40052-JPG, 2018 WL 2864287, at *9 (S.D. Ill. June 11, 2018) (denying a motion to suppress where defendant argues government-directed CS did not violate Fourth Amendment as long s one party consented to the recording, even though inadmissible under state law for failure to obtain court order). Therefore, because federal standards govern, even if such evidence is not admissible under Illinois law, the evidence's suppression is not warranted here.

Additionally, the Government notes 2018 is clearly a typographical error and not a wholesale failure to comply with state statute. While this seems reasonable to the Court, it nonetheless does not change the Court's analysis. Futia has not pointed to any substantive argument or factual dispute that this Court can utilize in its decision on whether to suppress the evidence seized from the search of Futia's car on August 19, 2020, or on the issue of whether to

suppress evidence from the execution of the Petitions for Eavesdropping. Because the Court has

held that Futia's motion does not point to a factual dispute and instead, points to legal conclusions,

the Court will not hold a hearing. The Court finds that the traffic stop and subsequent search was

lawful, and evidence obtained from eavesdropping will not be suppressed.

### IV.    Conclusion

For the foregoing reasons, the Court **DENIES** Futia's motion to suppress (Doc. 67).


**IT IS SO ORDERED.**
**Dated: December 8, 2022**

**/s/  J. Phil Gilbert**
**J. PHIL GILBERT**
**DISTRICT JUDGE**
